IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| ERNEST L. EADES,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA,<br>DEPARTMENT OF CORRECTIONS,<br>MONTANA STATE PRISON,<br>OFFICER POMEROY, and SEVEN<br>UNIDENTIFIED OFFICERS,<br><br>Defendants. | CV-15-00085-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Ernest Eades has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 2). Mr. Eades raises claims of excessive use of force and denial of medical care. The request to proceed in forma pauperis will be granted. The State of Montana, Department of Corrections, and Montana State Prison should be dismissed based upon sovereign immunity pursuant to the Eleventh Amendment. All other Defendants will be required to respond to Mr. Eades's allegations.

**I. Motion to Proceed in Forma Pauperis**

Mr. Eades has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a).

1

(Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Eades must pay the statutory $350.00 filing fee. Mr. Eades submitted an account statement showing average monthly deposits of $169.63 over the six-month period immediately preceding the filing of his Complaint (March 6, 2015–August 6, 2015). (Doc. 1-1.) Therefore, he must pay an initial partial filing fee of $33.93. 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). A separate order will direct the agency having custody of Mr. Eades to collect the initial partial filing fee from Mr. Eades's account and forward it to the Clerk of Court.

Thereafter, Mr. Eades must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Eades to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Screening Pursuant to 28 U.S.C. §§1915, 1915A**

The Court has considered whether Mr. Eades's Complaint is frivolous,

malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Eades has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. Defendant Pomeroy and the seven unidentified officers (if they can be sufficiently identified from the allegations in the Complaint) must respond to the Complaint.

The State of Montana, the Department of Corrections, and Montana State Prison, however, are not proper parties in this action. The Eleventh Amendment bars suit in federal court against a state and/or state agencies absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq. In addition, states, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under Section 1983. *Will v. Michigan Dep't of St. Police*, 491 U.S. 58, 65, 71 (1989).

The State of Montana, the Department of Corrections, and Montana State Prison have Eleventh Amendment immunity from suit in federal court and are not

3

"persons" for purposes of 42 U.S.C. § 1983. The Section 1983 claims against the State of Montana, the Department of Corrections, and Montana State Prison should be dismissed.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). Mr. Eades's has not made any claims for injunctive relief.

Based on the foregoing, the Court issues the following:

**ORDER**

1. Mr. Eades's Motion to Proceed in Forma Pauperis (Doc. 1) is **GRANTED**.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed on September 28, 2015.

3. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Defendant Pomeroy and the seven unidentified officers (if they can be sufficiently identified from the allegations in the Complaint) to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of**

**Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(B). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

    4. The Clerk of Court shall e-mail the following document to Legal Counsel for the Montana Department of Corrections:

*   (1) The Complaint (Doc. 2);
*   (2) this Order;
*   (3) a Notice of Lawsuit & Request to Waive Service of Summons; and
*   (4) a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

    5. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to give the Court information, such information must be presented in the form of a notice.  The Court will not consider requests made or information presented in letter form.

      6. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented.  Each party shall sign and attach a proper certificate of service to each document filed with the Court.  The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

      7. Mr. Eades <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

      8. At all times during the pendency of this action, Mr. Eades must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

      Further, the Court issues the following:

## RECOMMENDATION

The State of Montana, the Department of Corrections, and Montana State Prison should be **DISMISSED** pursuant to the Eleventh Amendment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Eades may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 1st day of October, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the
      Montana Department of Corrections
      P.O. Box 201301
      Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Officer Pomeroy and seven unidentified officers involved in an incident with Plaintiff Ernest Eades on July 19, 2015. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-15-85-H-DLC-JTJ. The Court has completed its initial screening and concludes these Defendants must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                        */s/ John Johnston*
                                        John Johnston
                                        United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request to waive service of summons in the following action: *Eades v. Pomeroy, et al.*, Civil Action No. CV-15-85-H-DLC-JTJ, filed in the United States District Court for the District of Montana. Defendants also received a copy of the Complaint. I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____      _____
DATE                                         SIGNATURE

                                                     _____
                                                     PRINTED/TYPED NAME
                                                     _____

                                                     _____
                                                    ADDRESS